## COMMONWEALTH *vs.* ISAAC J. CUTTER.

An appeal lies to this court from the judgment of the superior court upon an agreed statement of facts, in which no inference of fact is left to be drawn by the court.

If a minor volunteer, who has enlisted into the military service of the United States, has drawn an order for the payment of his state bounty to a third person, and procured his parent's name to be forged to a consent to such payment, money paid by the Commonwealth to such third person upon such order and forged consent, in the belief that the same were genuine and valid, may be recovered back; although the money was collected and received in good faith.

The subsequent appointment of such third person as guardian of the minor, and his ratification of the payment to himself, before the commencement of the suit against him to recover back the sum, will not avail in defence of the suit.

CONTRACT brought to recover back the sum of $280, received by the defendant to the use of the Commonwealth.

The following facts were agreed in the superior court: The money in question was paid by the Commonwealth to the defendant in May 1864, as a part of the state bounty, under *St.* 1863, *c.* 254, of George V. Hill, a volunteer enlisted into the military service of the United States, upon two orders given by Hill to the defendant, upon both of which a forged approval, apparently signed by Hill's mother, was written; she being his only living parent. At the time of said payment, Hill had not elected to accept the bounty and pay provided for in § 3 of that statute, nor had he assigned any part of his bounty to the treasurer of the Commonwealth, under § 4; and the disbursing officer of the Commonwealth and the defendant believed the signature of Mrs. Hill to be genuine. The orders had been purchased by the defendant for a valuable consideration; and before such purchase Hill had nominated the defendant as his guardian; and after the payment by the Commonwealth to the defendant, the latter was appointed as guardian of Hill, and gave bond as such, and thereupon, before the commencement of this suit, ratified in writing the payment made by the Commonwealth on said orders. But Mrs. Hill never in any way ratified the same.

On these facts, judgment was rendered for the defendant, and the Commonwealth appealed to this court.

*Reed,* A. G., for the Commonwealth.

*H. G. Parker,* for the defendant.

BIGELOW, C. J. 1. This case is rightly here, and presents a question of law for the adjudication of this court. The facts are not in dispute, nor are any inferences of fact to be drawn by the court in order to render judgment on the case stated. In this respect it differs from *Cochrane* v. *Boston,* 1 Allen, 480. An agreed statement of facts is analogous to a special verdict. The question in such cases arises, whether, on the facts stated upon the record, or found by the verdict which forms part of the record, the plaintiff is in law entitled to recover. The matter of law is thus apparent on the record, and the parties have a right to appeal from the judgment rendered thereon by the

court below, under the express provision of Gen. Sts. *c.* 114, § 10.

2. By *St.* 1863, *c.* 254, § 1, no money was payable to a volunteer enlisted into the service of the United States, who was a minor, having a parent or guardian within the Commonwealth, without the consent of such parent or guardian. Under this provision, this consent was made a condition precedent to the right to receive such bounty; and a minor had no right to claim payment, either by himself or an assignee, until due consent in writing had been obtained. The payment of the bounty was not left to the control of the minor. The very object of requiring the consent of the parent or guardian to the payment of it was that the minor should not be induced to enter military service by the offer of a large sum of money in advance, until the person entitled to his services during minority had received an equivalent for them, or assented to their relinquishment. It is clear, therefore, that the defendant had no right to receive the money under the order of the minor, and that it was paid by the Commonwealth under a mistake of fact caused by the fraud of the minor in procuring a forged signature of his mother to be affixed to the order. It is wholly immaterial that the defendant acted in good faith. He acquired no legal right to receive the money under the forged order, and cannot in equity and good conscience retain it against the claim of the Commonwealth.

3. The appointment of the defendant as guardian upon the nomination of the minor, subsequent to the payment of the money by the Commonwealth, and the ratification by the defendant, as guardian, of such payment to himself, can have no effect on the right to maintain this action. The transaction certainly wears the aspect of an attempt to consummate the fraud of the son, by depriving the mother without her consent of any share in or right to control the payment of the bounty. Whatever may have been the motive of the parties to it, it was ineffectual to confer on the defendant any right to hold the money which had been paid to him through mistake. It is very questionable whether the right of the mother to control the payment of the bounty which existed under the provisions of the statute

could be taken away by a subsequent appointment of a **guar**dian over her son without notice to her.   However this may be such subsequent appointment, although it might be the foundation for a new demand upon the Commonwealth for the bounty could not give validity to the previous illegal payment obtained by fraud.                         *Judgment for the Commonwealth.*